```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
CASSANDRA GOSER,

                Plaintiff,              MEMORANDUM OPINION
                                        AND ORDER

        -against-
                                        12 Civ. 9374 (MGC)

ALLIED INTERSTATE, LLC f/k/a
ALLIED INTERSTATE, INC.,

                Defendant.

----------------------------------X

APPEARANCES:

        KIMMEL & SILVERMAN, P.C.
        Attorneys for Plaintiff
        1001 Avenue of the Americas, 12th Floor
        New York, New York 10018

        By:  Craig Thor Kimmel, Esq.


        REED SMITH LLP
        Attorneys for Defendant
        599 Lexington Avenue
        New York, New York 10022

        By:  Casey D. Laffey, Esq.
             Nana Japaridze, Esq.
```

**Cedarbaum, J.**

Cassandra Goser sued Allied Interstate, LLC under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 <u>et seq</u>.  The complaint alleged that Allied placed continuous and harassing calls to Goser in an attempt to collect a debt. Allied made a Rule 68 offer of judgment on February 28, 2013, approximately two months after the complaint was filed.  The offer of judgment provided, in relevant part, that Allied "will allow judgment to be entered against it in the amount of Five Hundred Dollars ($500.00), plus reasonable costs and attorneys' fees as recoverable by law and allowed by the Court."  Goser accepted the offer on March 14, 2013, and I approved the offer of judgment the next day.  The parties have been unable to resolve the issue of fees and costs.  Goser seeks $2,936.50 in attorneys' fees and $550 in costs incurred by the law firm Kimmel & Silverman, P.C.  For the reasons that follow, Goser's motion is granted in the amount of $1,765.50 in attorneys' fees and $350 in costs.

"A consumer who brings a successful FDCPA lawsuit can recover 'the costs of the action, together with a reasonable attorney's fee as determined by the court.'"  <u>Savino v. Computer Credit, Inc.</u>, 164 F.3d 81, 87 (2d Cir. 1998) (quoting 15 U.S.C. § 1692k(a)(3)).  The lodestar, which is "the product of a reasonable hourly rate and the reasonable number of hours

2

required by the case," creates a "presumptively reasonable fee." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011).

The reasonable hourly rate is what "a reasonable, paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany, 522 F.3d 182, 184 (2d Cir. 2008). The hourly rates of attorneys and paralegals at Kimmel & Silverman are requested as follows: Craig Thor Kimmel, partner, $300 per hour; Amy L. Bennecoff, senior attorney, $225 per hour; Christopher J. Kelleher, associate, $200 per hour; Jason Ryan, paralegal, $100 per hour; Katelynn Fitti, paralegal, $100 per hour; and Pete Keltz, paralegal, $80 per hour. These rates are reasonable and are consistent with recent cases involving the same firm and individuals. Barile v. Allied Interstate, Inc., No. 12 Civ. 916 (LAP)(DF), 2013 WL 795649 (S.D.N.Y. Jan. 30, 2013), report & rec. adopted by 2013 WL 829189 (S.D.N.Y. Mar. 4, 2013); O'Toole v. Allied Interstate, LLC, No. 12 Civ. 4942 (WHP), 2012 WL 6197086 (S.D.N.Y. Dec. 12, 2012); Reith v. Allied Interstate Inc., No. 12 Civ. 4278 (PKC), 2012 WL 5458007 (S.D.N.Y. Nov. 8, 2012).

"The time component reflects the hours worked by the lawyer (supported by time records) that are neither excessive nor duplicative . . . ." Seitzman v. Sun Life Assurance Co. of Canada, Inc., 311 F.3d 477, 487 (2d Cir. 2002). Collectively, the attorneys and paralegals from Kimmel & Silverman seek

3

compensation for 15.1 hours of work.  However, the time records show that 7.1 of these hours post-date the offer of judgment.  The offer was made on February 28, and the records show that Kimmel & Silverman received the offer on March 1.  However, the attorneys did not discuss the offer of judgment with Goser until two weeks later on March 14.  Instead, the firm's attorneys and paralegals unnecessarily increased the time spent on this matter by performing tasks that would have been moot upon acceptance of the offer, such as drafting a case management plan, scheduling a Rule 26 discovery conference, preparing for a Rule 16 conference, and filing a pro hac vice motion.  This course of conduct is excessive and unreasonable.  See Barile, 2013 WL 795649, at *29 ("The prudent, fee-minimizing course-of-action would have been to delay preparation of discovery materials for at least a day or two, to see if such work was rendered unnecessary by an offer of judgment that the plaintiff wished to accept.  The Firm should not be rewarded for rushing to churn fees before the clock ran out.").  Therefore, the portion of fees post-dating the offer of judgment may not be collected by the plaintiff.  Instead, fees are calculated on the following hours:  2.7 hours by Kimmel, 1.5 hours by Bennecoff, 2.5 hours by Kelleher, 0.4 hours by Ryan, 0.3 hours by Fitti, and 0.6 hours by Keltz.

The $350 fee to file the complaint is appropriately imposed as a cost. However, the $200 fee to file a pro hac vice motion for a Kimmel & Silverman associate, Joseph L. Gentilcore, is not recoverable. That motion was unnecessary, as it was filed on the very same day Goser accepted the Rule 68 offer of judgment. According to the billing records, Gentilcore has never billed any time to this matter. Further, there is no evidence that qualified counsel in New York was unavailable to litigate such a case. See Imbeault v. Rick's Cabaret Int'l Inc., No. 08 Civ. 5458 (GEL), 2009 WL 2482134, at *8, *12 (S.D.N.Y. Aug. 13, 2009). In fact, Kimmel already represented Goser as counsel of record. Under the circumstances, there was simply no need for Gentilcore's admission pro hac vice.

For the foregoing reasons, Goser's motion is granted in the amount of $2,115.50.

SO ORDERED.

Dated:    New York, New York
          May 17, 2013

                                    S/_____
                                       MIRIAM GOLDMAN CEDARBAUM
                                       United States District Judge

5